IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ANGELA FORD and WILLIAM B. FORD, | § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | CIVIL ACTION NO. 1:21-CV-189 |
| ALLSTATE TEXAS LLOYD'S, | | |
| *Defendant*. | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and the Local Rules for the United States District Court for the Eastern District of Texas, United States District Judge Marcia A. Crone referred this matter to the undersigned United States magistrate judge for entry of findings and a recommendation on case-dispositive motions and determinations of non-dispositive matters. Pending before the court is Defendant's opposed Motion to Dismiss pursuant to 12(c), 8(a), and 9(b). (Doc. #14.)

**I.    Factual and Procedural Background**

This insurance coverage dispute arises from Hurricane Laura windstorm damage to Plaintiffs Angela and William Ford's property. (Doc. #3.) Originally filed in state court, Defendant Allstate Texas Lloyds promptly removed the case to federal court under diversity jurisdiction on April 22, 2021. (Docs. #1, #2, #3, #4.) In June, the parties filed their joint Rule 26 report. (Doc. #10.) On March 3, 2022, Defendant filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(c), 8(a), and 9(b). (Doc. #14.) Plaintiffs' response in opposition to

1

the motion (doc. #15) was filed 21 days later, on March 24, 2022, seven days after the 14-day time limit for filing a response to a motion.  E.D. TEX. L. R. CV-7(e).

**II.      Legal Standard**

*A.  Rule 12(c)*

Under Rule 12(c), motion for judgment on the pleadings, a party is allowed to move for dismissal after the pleadings are closed—but early enough not to delay trial.  FED. R. CIV. P. 12(c).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (quoting *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008)).  Thus, the inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits.  *Ackerson,* 589 F.3d at 209 (internal quotations omitted).

*B.  Rule 12(b)(6)*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the complaint.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive dismissal under 12(b)(6) the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 570).  To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Supreme Court has confirmed that Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); see also *Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555.

To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

C. Rule 9(b)

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See City of Clinton, Ark. v. Pilgrim's Pride Corp.,* 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.,* 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation omitted). A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.,* No. 3:10-cv-1747, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)).

3

**D. Discussion and Analysis**

Defendant's motion asserts that Plaintiffs' petition contains only basic facts and threadbare accusations and recitations of insurance code statutes. (Doc. #14, p.4.) The undersigned agrees. As stated above, to decide whether Plaintiffs' petition states valid claims for relief, the court will accept all well-pleaded facts as true. However, the court does not accept as true unwarranted legal conclusions or factual inferences. Legal conclusions may provide some framework but must be factually supported. In certain instances, Plaintiffs do not provide a factual basis nor explain with clarity the claims asserted against Allstate. Specifically, the undersigned finds that the following paragraphs to be conclusory and void of factual detail:

| | |
|---|---|
| 35. | Allstate wrongly failed to comply with the terms of the contract, as it relates to their duties after loss, by failing to promptly pay for covered damages. Allstate is therefore in breach of the contract of insurance issued to Plaintiffs. |
| 39(a). | The acts and omissions of Defendant also constitute violations of the Texas Deceptive Trade Practices Act, including, but not limited to:<br>Committing false, misleading, or deceptive acts or practices as defined by § 17.46(b); |
| 44(d)(i). | Allstate violated the TEXAS INSURANCE CODE § 541 et seq. because it engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, its acts and omission include violations of:<br>Misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue. TEX. INS. CODE § 541.060(a)(1); |
| 49(1-7). | Allstate violated the Texas Insurance Code Ch. 542 and 542A because it failed to do the following within the statutorily mandated time of receiving all necessary information: |
| 53. | Allstate owed Plaintiff(s) a duty of good faith and fair dealing including the duty to pay covered claims when liability is reasonably clear. Allstate breached its duty when it conducted an unreasonable investigation, denied Plaintiffs' claim, and misrepresented material facts because Defendant knew or should have known that it was |

        reasonably clear that Plaintiffs' claim was covered. Defendant's breach of this duty was a proximate cause of Plaintiffs' damages.

55.      Allstate made various representations to the Plaintiffs regarding the claim including material representations regarding the extent of damages sustained to Plaintiffs' property, personal property and/or loss of use, which included material representations regarding policy coverages, whether or not claims were covered, the value of claims, the application of policy exclusions, and the severity of the damage which were material and false. At the time Allstate made the representations, it knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Defendant made these representations with the intent that the Plaintiffs act on them by not further pursing claim or thinking there was no other money to recover. Plaintiffs relied on representations, and this caused injury.
(Doc. #1, p. 8-12.)

The above paragraphs from Plaintiffs' original petition contain no factual detail to support the statements. The recitation of facts does little of nothing to illuminate the claims. In example, there is no description of any actual misrepresentation by Defendant other than references to "coverage" or "policy exclusions." Even in Plaintiffs' response they do not point the court to any alleged misrepresentations in the petition.

Similarly, the petition does not provide any factual as to how Defendant failed to pay promptly except to so claim. In their response, Plaintiffs point to statements in the petition where the reader can surmise the basis of the claims. This fails to meet the required pleading standards. Pleadings should be clear and precise, not supposition and while factual inferences are permitted, they must be predicated on factual allegation. FED. R. CIV. P. 8(a)(2), 12(b)(6); *Iqbal*, 556 U.S. at 664.

However, the undersigned does not recommend dismissal at this stage as Plaintiffs' pleading deficiencies may be cured by amending, and the opportunity to amend should be freely given. FED. R. CIV. P. 15(a). Indeed, there is a strong presumption in favor of granting leave to

amend. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.,* 376 F.3d 420, 426 (5th Cir. 2004)).

### E. Recommendation

Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be conditionally **DENIED** at this time. The undersigned further recommends that Plaintiffs be directed to replead and file their first amended complaint within seven days of the date of any order adopting this Report and Recommendation. Defendant may re-urge its motion to dismiss after Plaintiffs' amended pleading is filed.

### F. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28

U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 3rd day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE